# IN THE COURT OF APPEALS OF IOWA

No. 15-1911
Filed November 9, 2016

**KENNETH JONES and TRITIUM PARTNERS, L.L.C.,**
       Plaintiffs-Appellants,

**vs.**

**IOWA GREAT LAKES SANITARY DISTRICT, and
DICKINSON COUNTY BOARD OF SUPERVISORS,**
       Defendants-Appellees.
_____

       Appeal from the Iowa District Court for Dickinson County, Patrick M. Carr, Judge.


       Kenneth Jones and Tritium Partners, L.L.C. appeal the district court's order upholding Iowa Great Lakes Sanitary District's denial of Jones' request for encroachment on a sanitary sewer easement across Jones' property. **AFFIRMED.**


       Kevin R. Sander of Fitzgibbons Law Firm, L.L.C., Estherville, for appellants.

       Abby L. Walleck of Maahs & Walleck, and Lonnie B. Saunders of Saunders Law Office, Spirit Lake, for appellees.


       Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Tritium Partners, L.L.C., whose chief manager was Kenneth Jones, purchased a home on West Okoboji Lake and leased the home to Jones and his wife. A sewer line easement ran through the property. The easement was administered by the board of trustees of the Iowa Great Lakes Sanitary District. *See* Iowa Code §§ 358.1A (authorizing creation of sanitary districts), 358.12 (authorizing board of trustees "to manage and control the affairs and property of the district"), 358.16 (authorizing board to "provide for the disposal of the sewage and "to maintain [and] repair . . . such facilities") (2013).

Ten years before the purchase, Jones' wife crushed her foot in a car accident, making it difficult to navigate the steps to the home's lakeshore patio. Jones proposed building a tunnel from the home to the patio. According to his project manager, the tunnel "would be like a precast concrete structure about 6.5 feet tall inside and about 6 to 8 feet wide" situated approximately four feet above the sewer line.

Jones filed an application for permission to encroach on the sewer line. The sanitary district denied the application and the district court affirmed. The court agreed with the district engineer's concern that the district might experience delays in making repairs to the sewer pipe if it had to first remove tunnel sections above the pipe. While conceding this risk of a delay might be "somewhat small," the court stated it was "greater than the risk the district bears presently . . . without the objected-to tunnel in place." The court proceeded to analyze the public interest the district was charged with protecting, which, in the court's view, gave "added gravitas to the position taken by the trustees." The court contrasted

this encroachment to "encroachments of only moderate cost, which can be easily removed if necessary" and considered the district's obligation "to maintain a consistent approach when dealing with its patrons." The court also considered the effect of denying the application on Jones' wife. The court expressed sympathy for her injury but noted she failed to pursue other options such as an application "to the City of Okoboji for a permit for equipment which would permit above-ground access from the main grade of the residential property to the lower lakeside patio."[1] The court balanced her "single inconvenience . . . against the potential damage to other patrons of the district" and the public at large and concluded "this relief should [not] be granted." The court wrapped up as follows:

> In brief summary up to this point, the Court thinks that when viewed solely as a dispute between private property owners, in the context of the facts of this case, that the proposed placement of the concrete box culvert over the district's pipe is an unreasonable encroachment upon the rights conveyed to the district by their existing written easement. The Court doubts that the encroachment of a tunnel through and over the easement on Lot 65 was contemplated by the original granters.
> When making the additional consideration that the public interest is significantly involved here, the Court thinks that the position taken by the district in denying the requested encroachment is even stronger.

On appeal, Jones contends the proposed tunnel "would not unreasonably interfere with the [d]istrict's access to the sewer line." Our review of the record is de novo. *See id.* §§ 358.23 (noting "appeals shall be governed in all respects as is provided by pertinent sections under chapter 468, subchapter I, parts 1 to 5"), 468.91 (authorizing most appeals to be "triable in equity"). The record supports the district court's detailed fact findings. As for the law, the court

---

[1] A City of Okoboji employee testified he had "allowed the construction of the electric elevator type things that go up and down lakeshore banks," as well as "rest landings."

appropriately distinguished certain precedent as inapposite in this public/private dispute and thoroughly explained its decision in favor of the district. We fully concur in the court's result and reasoning.

**AFFIRMED.**